(121 App. Div. 441.)

BUTLER v. SMITH et al.

(Supreme Court, Appellate Division, Second Department.   October 4, 1907.)

LANDLORD AND TENANT—USE OF PREMISES—EVICTION—ACTION FOR DAMAGES.
Plaintiff's husband rented certain premises from defendant S. as agent of a third party, and remained in possession until May 1, 1905, having given notice some time prior to that date that he did not desire the premises after that date. Plaintiff, who was not living with her husband at the time, remained after the expiration of the husband's tenancy. She negotiated with defendant for a lease of the premises, but no agreement was effected between them. *Held*, that plaintiff was wrongfully in possession, and could not recover damages for her eviction, she having left upon her own motion after the removal of her goods by the defendant.

Appeal from Trial Term, Nassau County.

Action by Annette Butler against George S. Smith and another to recover for forcible eviction from certain premises. From a judgment dismissing the complaint and an order denying plaintiff's motion for a new trial, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, MILLER, and GAYNOR, JJ.

Henry P. Keith, for appellant.
Gilbert W. Minor and Philo P. Safford, for respondents.

WOODWARD, J.   The plaintiff brings this action to recover damages, on the theory that, being a tenant in peaceable possession of certain premises, she was forcibly evicted from the same by the defendants. The facts developed on the trial showed that the plaintiff's husband rented the premises from the defendant Safford, as agent of a third party; that he was in possession of the same, under his lease, until the 1st day of May, 1905; that some time prior to that date the said plaintiff's husband had given notice that he did not desire the premises after that date. Plaintiff was not living with her husband at the time of the alleged eviction, but was in possession of the premises, because she and her children had not removed from the same at the expiration of the husband's tenancy. There had been some negotiation looking to the renting of the premises by the plaintiff, but the latter had refused or neglected to comply with the terms fixed by the defendant Safford, and the latter had returned a certified check for $35 tendered in payment of one month's rent, and had notified the plaintiff that he would not consent to her tenancy except upon condi-

tion that she furnish a surety for the rent.   At the close of plaintiff's case the court granted a motion to dismiss the complaint, and appeal comes to this court from the judgment, and from an order denying a motion for a new trial.

It seems clear that the plaintiff never became a tenant; that she was not holding over, as the premises were rented originally to her husband, and he had formally given notice that he did not desire the same after the expiration of his term.   The plaintiff was wrongfully in possession of the premises.   The evidence does not disclose the use of any violence in her removal.   She appears to have left the premises upon her own motion after her goods had been removed by the defendant, acting the while upon the advice of counsel, and it is difficult to conceive of a cause of action as against these defendants under the circumstances.   She had no more right in the premises than she would have had if the possession had been physically surrendered on the 1st day of May, 1905, and she had moved into the same on the 2d day of the month, without permission on the part of the defendant Safford.   Under such circumstances, the defendant would certainly have had the right to remove her goods and to permit her to walk out of the premises with her children, and the case is not different simply because she wrongfully remained in the premises after her husband, who was providing for her, had surrendered the same.

The judgment and order appealed from should be affirmed, with costs.   All concur.